IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

KENNETH L. HARRIS                                                  PETITIONER
Reg. #28008-044

V.                                    2:11CV00017 DPM/JTR

T.C. OUTLAW, Warden,                                             RESPONDENT
FCI-Forrest City

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District

Judge D.P. Marshall, Jr.  Any party may serve and file written objections to this

recommendation.  Objections should be specific and should include the factual or

legal basis for the objection.  If the objection is to a factual finding, specifically

identify that finding and the evidence that supports your objection.  An original and

one copy of your objections must be received in the office of the United States

District Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file

timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the

United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.   An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Room A149
Little Rock, AR 72201-3325

## I. Background

Pending before the Court is a 28 U.S.C. § 2241 Petition for a Writ of Habeas Corpus filed by Kenneth L. Harris, an inmate in the Federal Correctional Institution in Forrest City, Arkansas.  (Docket entry #1.)  Respondent has filed a Response, and

Petitioner has filed a Reply. (Docket entries #8, #11.) Thus, the issues are joined and ready for disposition.

In April 2002, Petitioner was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and of possession of cocaine base in violation of 21 U.S.C. § 844. He was sentenced to 188 months of imprisonment for the firearm conviction and a concurrent twelve-month term for the cocaine conviction. His aggregate sentence was ordered to be served consecutively to a state sentence imposed by the 22nd Judicial Circuit Court, St. Louis, Missouri. *United States v. Harris*, E.D. Mo. No. 4:00CR548 CDP (Resp't Ex. 1 [docket entry #8-1]). Petitioner appealed his conviction and sentence to the Court of Appeals for the Eighth Circuit. On April 8, 2003, the Eighth Circuit affirmed and, on October 6, 2003, the United States Supreme Court denied his petition for writ of certiorari. *United States v. Harris*, 324 F.3d 602 (8th Cir.), *cert. denied*, 540 U.S. 884 (2003).

Petitioner did not file a 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence with the sentencing court. (*See* docket entry #1, at 29-37.)[1] On January 24, 2011, he initiated this § 2241 habeas action.

---

[1]This is the docket sheet from Petitioner's criminal case in the Eastern District of Missouri. The Court also has electronically accessed the case records.

## II.  Discussion

A.    Nature of Petitioner's Claims.

First, Petitioner argues that his incarceration is "illegal and unconstitutional" because it is based on a judgment and commitment order that "does not reflect any authority to support the execution of a [188-month] sentence."  He asserts that his judgment and commitment order references only his conviction under 18 U.S.C. § 922(g)(1),[2] an offense for which the maximum custodial sentence is ten years.  *See* 18 U.S.C. § 924(a)(2).[3]  (Docket entry #1, at 8, 11-13.)

Second, Petitioner argues that Respondent and the United States Attorney General can detain him only in accordance with 18 U.S.C. § 4001(a), which requires a showing that his custody is prescribed by an Act of Congress.  He asserts that the "only Act of Congress" shown on his judgment and commitment order is 18 U.S.C. § 922(g)(1), which has a maximum statutory punishment of ten years, far less than the 188-month sentence he received.  (Docket entry #1, at 8, 13-15.)

Finally, Petitioner argues that, if his § 2241 action is construed as a claim that his 188-month sentence is illegal, he is entitled to federal habeas relief to correct a

---

[2]This statute provides: "It shall be unlawful for any person ... who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year ... [to] possess in or affecting commerce, any firearm or ammunition[.]"

[3]This statute provides: "Whoever knowingly violates [18 U.S.C. § 922(g)] shall be fined as provided in this title, imprisoned not more than 10 years, or both."

fundamental miscarriage of justice because the sentencing court no longer has the power to correct the error. (*Id.* at 8, 15-21.)

Respondent contends that these allegations amount to one claim: that Petitioner's 188-month sentence for the firearm-possession conviction is illegal because it exceeds the statutory maximum of ten years provided in 18 U.S.C. § 924(a)(2). According to Respondent, such a claim can be brought only in the Eastern District of Missouri where Petitioner was convicted and sentenced.[4] (Docket entry #8, at 2.)

Petitioner vigorously argues against such a characterization. He contends that his § 2241 habeas claims focus on the actions and omissions of Respondent in failing to recognize and make efforts to correct an illegal judgment and commitment order. He further contends that Respondent, as warden of the unit where Petitioner is incarcerated in the Eastern District of Arkansas, has an obligation under federal statutes and Bureau of Prisons policy to monitor the imprisonment term imposed by each judgment and commitment order, and to ensure that each custodial term does not exceed statutory limits. (Docket entry #11, at 4-5, 6-8, 14-18.)

---

[4]Respondent also contends that Petitioner's claim is without merit because he was charged with having three prior violent felonies, thereby invoking the sentencing provisions of 18 U.S.C. § 924(e)(2)(B). That section imposes a *minimum* sentence of 15 years for a violation of 18 U.S.C. § 922(g)(1).

The Court concludes that each of those three claims is clearly grounded in the alleged invalidity of Petitioner's 188-month sentence for illegally possessing a firearm.   Most tellingly, the relief Petitioner seeks from this Court is an order instructing Respondent "to correct the illegal judgment and commitment order." (Docket entry #1, at 22; docket entry #11, at 22.)   Accordingly, for the reasons explained below, this Court lacks jurisdiction to consider and reach the merits of Petitioner's claims.

B.     Jurisdiction.

Issues concerning the lawfulness of a federal conviction and sentence generally must be brought in the sentencing court through a 28 U.S.C. § 2255 motion to vacate, set aside or correct.   *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010); *see* 28 U.S.C. § 2255(a) (a federal prisoner "may move the court which imposed the sentence" to vacate, set aside or correct the sentence).   Because a § 2255 motion attacks the *validity* of the conviction or sentence, it is "a further step in the movant's criminal case," and subject matter jurisdiction lies with the court which convicted and sentenced him.   *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986); *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983).   In contrast, a § 2241 habeas corpus petition attacks the *execution* of a sentence, or the manner in which the sentence is being carried out, and it is within the subject matter jurisdiction of the court presiding in the

-6-

judicial district where the prisoner is incarcerated. *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009); *DeSimone*, 805 F.2d at 323.

A federal court cannot entertain a § 2241 petition for habeas corpus "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective* to test the legality of his detention."  28 U.S.C. § 2255(e) (emphasis added).  A petitioner has the burden of demonstrating the inadequacy or ineffectiveness of seeking § 2255 relief from the sentencing court. *Lopez-Lopez*, 590 F.3d at 907.  The Eighth Circuit has made it clear that the "inadequate or ineffective remedy" exception is a "narrowly-circumscribed 'safety valve.'" *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061-62 (8th Cir. 2002).

The fact that an individual may be barred from filing a § 2255 motion due to procedural barriers does *not* render the remedy inadequate or ineffective so as to permit utilization of § 2241. *Lopez-Lopez*, 590 F.3d at 907.  Specifically, the § 2255 remedy is not inadequate or ineffective merely because the claim already has been raised and rejected in a § 2255 proceeding, or because a § 2255 motion would be time-barred. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004); *see* § 2255(f) (federal defendant generally has one year from "the date on which [his] judgment of

-7-

conviction becomes final" to file a § 2255 motion).  Moreover, a § 2241 petition in the district of incarceration cannot be used to raise an issue which could have been or actually was raised in a direct appeal or a timely § 2255 motion in the sentencing district.  *Nichols*, 553 F.3d at 650; *Hill v. Morrison*, 349 F.3d 1089, 1092 (8th Cir. 2003); *United States v. Lurie*, 207 F.3d 1075, 1077-78 (8th Cir. 2000).

While Petitioner is incarcerated in this judicial district, the claims that he is raising in this § 2241 action attack the validity of his sentence imposed in the Eastern District of Missouri.  He did not raise these claims in his direct appeal, and he did not file a § 2255 motion in the sentencing court.  He says he "trusted his appealable issues" to his attorney, who gave him "no hint or clue that his federal judgment and commitment was defective."  (Docket entry #11, at 3.)  He asserts that the § 2255 remedy was inadequate to raise his claims because, after he was convicted and sentenced on his federal charges, he immediately was returned to custody of the State of Missouri, where he had no access to federal rules or statutes and thus had no idea that his federal sentence exceeded the statutory maximum until he reached federal custody years later.[5]  Finally, Petitioner contends that his sentence can be corrected through § 2241 habeas relief because it is beyond the sentencing court's power to

---

[5]He alleges that he was in state custody for more than four years and arrived in federal prison in March 2007.  (Docket entry #1, at 18.)

-8-

correct it at this time, and a fundamental miscarriage of justice would occur if he is not permitted to proceed.  (*Id.* at 9-11; docket entry #1, at 15-21.)

As previously stated, the § 2255 remedy is not inadequate or ineffective merely because the deadline has passed for timely filing a § 2255 motion in the federal sentencing court.  The fact that Petitioner was in state custody during the period for seeking § 2255 relief did not make the remedy unavailable.  Under well-established case law, a prisoner in state custody is entitled to file a § 2255 motion to vacate a federal sentence which is scheduled to be served in the future.  *Jackson v. United States*, 423 F.2d 1146, 1149 (8th Cir. 1970) ("a state prisoner ... may challenge his federal sentence although he has not yet commenced to serve that sentence"); *United States v. Fegans*, 2008 WL 447504, at *6 (W.D. Ark. Feb. 14, 2008) ("a prisoner in state custody may bring a § 2255 petition challenging a federal sentence imposed consecutive to his state sentence"); Rule 1(b), Rules Governing § 2255 Cases in United States District Courts (§ 2255 is available to "a person in custody under a judgment of a state court ... and subject to future custody under a judgment of the district court, who seeks a determination that ... the district court's sentence exceeded the maximum allowed by law").

Furthermore, Petitioner's difficulties in accessing the federal statutes while in state custody did not render the § 2255 remedy inadequate or ineffective.  "[T]he Due

Process Clause of our Constitution does not require that a petitioner have more than one unobstructed procedural opportunity to challenge his conviction. 'That does not mean he took the shot, or even that he or his attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have [sic] existed.'" *Abdullah*, 392 F.3d at 963 (quoting *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999)).

Petitioner unquestionably had a procedural opportunity to present his claim that his federal sentence was illegal, both in his direct appeal (where he was represented by counsel) and in a timely § 2255 motion. The procedural history establishes that he simply failed to avail himself of that opportunity.[6] *See id.* (petitioner's "failure to seize that opportunity does not render § 2255 inadequate or ineffective to test the legality of his conviction"); *Hill*, 349 F.3d at 1092 (§ 2255 not inadequate where petitioner had "at least two opportunities to raise [his] argument before the sentencing district"); *Lurie*, 207 F.3d at 1077-78 (§ 2255 not inadequate because all claims asserted could have been maintained in a timely § 2255 motion or on direct appeal).

Petitioner has failed to demonstrate the inadequacy or ineffectiveness of his §

---

[6]Even if, as Petitioner argues, he had no way of knowing that his federal sentence was illegal until he arrived at a federal prison in March 2007, he still made no attempt to file a § 2255 motion in the sentencing court and waited almost four years before initiating this § 2241 action in January 2011.

2255 remedies in the sentencing district.  Accordingly, this Court lacks subject matter jurisdiction to entertain the claims raised in this § 2241 habeas action, and it should be dismissed.  See *Hill*, 349 F.3d at 1091-93; *DeSimone*, 805 F.2d at 323-24.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT this 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus (docket entry #1) be DENIED, and the case be dismissed, without prejudice.

DATED this 7th day of February, 2012.

_____
UNITED STATES MAGISTRATE JUDGE